———+o•o+———

CROFT, Defendant in Error, v. BOLTON, Plaintiff in Error.

1. C. was the daughter of L., and on the death of L. a partition of his real estate was applied for by his heirs, and upon report of commissioners it was ordered to be sold, ten per cent. to be paid in cash and the purchaser to have a credit on the balance of six and twelve months, giving note and security. C. and her husband were parties to the partition proceeding, and in the judgment it was declared that they were entitled to one-sixth the real estate. Afterwards, and before the notes taken became due, the sheriff accepted orders from the husband of C. for the amount due his wife, and before the notes were due and before the sheriff paid any money on the orders, the husband died, and the wife, C., notified the sheriff not to pay over. *Held*, that as to the ten per cent. collected and in the hands of the sheriff, the assignment of the husband would be valid and extinguishes the wife's right of survivorship ; but that the notes could not be converted into money or be reduced to possession, either by the husband or his assignees before they became due, and as the husband died before they were due, the wife would take by survivorship.

*Error to Cole Circuit Court.*

*Parsons*, for plaintiff in error.

I. The conversion of the land into money and promissory notes, payable to the sheriff for the benefit of the husband, or the husband and wife, were choses in action which he might sell or assign for a valuable consideration. (Webb's Appeal, 21 Penn. 249.) It seems generally admitted in the United States that a transfer for value, or release of a chose in which the wife has a present interest, will bar her survivorship. (Hill on Trustees, 2d Amer. Ed. 598, note 1, and authorities there cited.) The sale and assignments by Daniel H. Croft of the interests of himself and wife in said notes, were for a valuable consideration, to-wit, in the payment for

a negro and other debts by him contracted. (9 N. H. 321; 3 How., Miss., 394; 5 Iredell's Eq. Rep. 111.)

*Lay & Gardenhire*, for defendant in error.

I. When land is sold for the purpose of partition, the share of the proceeds belonging to a *femme covert* will be treated as land, and can not be paid to her husband, except by her assent, upon a private examination. There was therefore no error in the judgment of the court below upon the motion. (1 Dev. Ch. 118; 2 Hill Ch. 644; 2 Paige Ch. 316; 1 Clark, 538; 1 Edward's Ch. R. 572.)

II. The wife was entitled to her distributive share by survivorship, even if not treated as land after its conversion into money.

III. The recital in the order of sale, declaring the interests of the parties, was no part of the order, and the sheriff had no right to observe it to the injury of the wife. The court ascertained and declared the interests of the parties in the judgment of partition. (2 R. C. 1855, p. 1112, § 14.) The sheriff was bound by the judgment, and not by the idle and unauthorized recital of the clerk. The order of sale required by law was simply that the sheriff should sell the premises to the highest bidder. (R. C. 1855, § 28.) A suit by husband and wife is the husband's only, the wife being joined for conformity, and bound only so far as in justice she ought to be bound. It is the duty of the court, *ex officio*, to protect her from any injurious effects arising from the misconduct of the case; (4 Wend. 397–403;) and this will be done, although there has been an assignment for a valuable consideration to a stranger, the assignee standing in no better condition than her husband. (4 Gill. & I. 282; 2 U. S. Dig. Eq. 13, § 27; 2 P. Wms. 451; 2 Verm. 197; anonymous, 8 Ves. 164.)

NAPTON, Judge, delivered the opinion of the court.

The question in this case is whether an assignment for value by the husband of his wife's chose in action, will,

under the circumstances, cut off the wife's right by survivorship.

Mrs. Croft was the daughter of Charles Lowe, and upon the death of said Lowe, a partition of his real estate was applied for by his heirs, and upon a report of its impracticability by the commissioners, it was ordered to be sold upon the following terms: Ten per cent. of the purchase money was to be paid down, and the purchasers to have a credit of six and twelve months for the balance, giving bond and security. The order proceeded in these words : " The sheriff is directed, when the purchase money for the real estate is paid into his hands, to pay it over to the parties aforesaid, according to their respective interests, to wit: that Samuel O. Rice and Jane his wife, Abram B. Lowe, David B. Lowe, and Daniel Croft, are each entitled to one-sixth part of said real estate," &c. Daniel H. Croft and his wife Susan C. were both parties to the proceedings, and in the judgment for partition, it was declared that Susan C. Croft and her husband were entitled to one-sixth part of said real estate.

The land was sold for $4,325.25, ten per cent. of which was paid, and for the remainder notes were taken payable in six and twelve months. Afterwards, and before the notes taken as above stated became due, the sheriff accepted orders from said Daniel Croft for the amount due his wife, as her share of the proceeds of the sale, and before the said notes were due and before the sheriff paid any money on said orders, Croft, the husband, died, and the wife notified him not to pay over.

At the term when the motion of Mrs. Croft came up for hearing, the court had the following addition made to the record of the order of sale : " It appearing that the name of the said Susan Croft was omitted in the order of sale by mistake, the court, at her instance, directed the clerk to insert her name in said order of sale." The application of Mrs. Croft prevailed, and the court ordered the sheriff to pay over to her so much as he had collected from the proceeds of the partition sale as her interest amounted to.

The change in the terms of the order made at a subsequent term we do not consider a material one, and it is not therefore important to enquire into the power of the court to make it. Undoubtedly, the responsibility of the sheriff could not be affected by any substantial change in the terms of the order, made after he had acted in conformity with its original requisitions. If the officer complies with the orders of the court, he, at all events, is protected.

Nor do we consider it material to enquire whether we should adopt the practice which prevails in many of the States, of requiring the wife's consent upon a privy examination, before a court is authorized to order the proceeds of her land to be paid over to her husband. That would only involve a question as to the propriety of the original order, which, whether right or wrong, the sheriff was bound to obey.

In a partition sale, where the interests of married women are sold, the court would undoubtedly, upon a suitable suggestion, see that the share of the wife was properly protected. This, we think, ought to be done even in the distribution of personal property coming to the wife; and in cases of partition of real estate it would be altogether proper, although not absolutely necessary under our statute, to order a privy examination of the wife before allowing the proceeds of the partition sales to go to the husband, or, in certain circumstances, to put them in the hands of trustees.

Here the order was to pay the proceeds, when received, to the husband, or to the husband and wife. The order literally directed the payment to the "parties aforesaid," according to their respective interests, and the party concerned in this proceeding consisted of both husband and wife. But we do not consider it material how the order be construed; for where a court orders money to be paid over to husband and wife, and nothing further is specified, we suppose the husband's receipt would be a protection to the officer. The addition of the wife's name to it could give it no additional strength or value.

But the money was not directed to be paid over, of course, until the notes were due; and before they fell due, Croft, the husband, died, after having given orders on the sheriff for his wife's share. Before the notes became due the sheriff was notified of the death of the husband and of the claim of the wife.

The only question, we see, arising on the facts as they are preserved, is then, whether the husband's assignment or orders constituted such a reduction into possession as would cut off the wife's survivorship.

The case of Wood v. Simmons, (20 Mo. 363,) was one where the chose in action assigned was incapable of being reduced to immediate possession, either by the husband or his assignee. It was a conveyance of an interest of the wife in her mother's dower property, during the life of her mother, and the husband died (or the marriage was dissolved) before the mother died. The court held the purchaser for value could occupy no better position than the husband, and as the husband did not outlive the mother, before the title of the assignee vested or could be reduced into possession, the wife would take as survivor. The case was precisely like that of Jackson v. Purden, (1 Russ. Ch. R. 1,) a leading English case on this subject.

In this case of Jackson v. Purden, Sir Th. Plummer takes the following position : " In the chattels personal of the wife in possession, the husband acquires an absolute interest by the marriage whether he disposes of them or not. In the choses in action immediately recoverable his assignment may be considered as a constructive reduction into possession, because that immediately follows, and the property is changed and the wife's right divested ; as, after a judgment recovered by the husband and wife, or a decree for the payment of the money to him."

In Homer v. Morton, (3 Russ. 65,) Lord Lyndhurst said : " At law the choses in action of the wife belong to the husband, if he reduces them into possession ; if he does not reduce them into and dies before his wife, they survive to

her. Where the husband assigns the chose in action of his wife, one would suppose, on the first impression, that the assignee could not be in a better situation than the assignor; and that he, too, must take some steps to reduce the subject into possession in order to make his title good against the wife surviving. But equity considers the assignment by the husband as amounting to an agreement that he will reduce the property into possession; it likewise considers what a party agrees to do as actually done; and therefore where the husband has the power of reducing the property into possession, his assignment of the chose in action of the wife will be regarded as a reduction of it into possession. On the other hand, I should also infer, that where the husband has not the power of reducing the chose in action into possession, his assignment does not transfer the property, till, by subsequent events, he comes into the situation of being able to reduce the property into possession; and then his previous assignment will operate on his actual situation and the property will be transferred."

Lord Lyndhurst concludes: "That the husband has no power to give effect to a conveyance of property of this description, (choses in action,) unless circumstances so turn out as to have put him in a situation which enabled him to have reduced the chose in action into possession. If, at the time of the assignment, he is in a condition to reduce the chose in action into possession, the assignment operates immediately; if he is afterwards in a condition to reduce the thing into possession, the assignment will then have full effect; but if he dies before the event happens on which the chose in action may be reduced into possession, the assignment becomes altogether inoperative."

In this case, we have a sale of land, on a credit of six and twelve months, and a direction to the officer who is to conduct it, to pay over the proceeds to the husband, or to the husband and wife, when they shall become due and payable under the terms of the sale. The husband assigns the interest of his wife in this land or its proceeds; but before the

money is due he dies and the wife claims by survivorship, and of this claim the officer is apprised. At the time of the assignment, the notes taken for the land were not due, and of course could not be collected by the husband, or by his assignee. They could not be reduced to possession.

This is not the case of an order of distribution to the husband of his wife's interest in her father's estate. Such an order implies that the money is in the administrator's hands ready to be paid over, and it is presently collectable. Nor is this like the case of a judgment in favor of husband and wife, which may be immediately collected on execution. It is to such cases that Sir Th. Plummer refers in Jackson v. Purden, where he speaks of a constructive reduction to possession.

So far as the ten per cent. upon the amount of sales is concerned, which was collected and in the hands of the sheriff, the assignment of the husband would be valid and extinguishes the wife's right of survivorship; but as the notes payable in six and twelve months could not be converted into money or be reduced to possession, either by the husband or his assignee, before they became due, and as the husband died before they were due, the wife would take by survivorship.

The judgment of the circuit court is affirmed.