CHARTER OAK LIFE INSURANCE COMPANY *v.* MATILDA BRANT, Appellant; PETER J. HURCK, TRUSTEE, AND HENRY STAGG, Respondents.

1. *Insurance, life — Policy of, under statute, can not be assigned.*—A policy of insurance effected by the husband on his own life for the benefit of his wife and children, where the amount of premium actually paid was more than $800, may be assigned so as to bar the wife from recovering the proceeds of the policy in case of her survivorship. (See Wagn. Stat. 936, §§ 15, 18.) But *semble*, that under section 15 *supra*, such assignment would be void, even though she join her husband therein, where the annual amount of the premium was less than $300.
2. *Insurance, life — Insurance by husband for benefit of wife — Statute an enabling act.*—At common law the insurable interest in the life of another person must be a direct and definite pecuniary interest, and a person has not such an interest in the life of his wife or child merely in the character of husband or parent. But the statute (Wagn. Stat. 936, §§ 15, 18) is an enabling act. It enables the husband to effect a policy of insurance on his own life for the benefit of his wife, which, in case she survives him, goes to her free from his creditors and representatives. It also makes it lawful for a married woman, for her own benefit, to effect an insurance on the life of her husband, which shall belong to her and her children.

*Appeal from St. Louis Circuit Court.*

*W. B. Napton*, with *Clark & Dillon*, for Mrs. Brant.

I. That the assignment of the husband was invalid against the wife's title by survivorship is well settled, by our own decisions as well as the English and other American authorities. (Wood v. Simmons, 20 Mo. 363 ; Craft v. Bolton, 31 Mo. 355 ; Purdew v. Jackson, 1 Russell, ch. 1 ; Honor v. Marton, 3 Russell, 65 ; Sto. Eq., § 1413 ; Hornsby v. Lee, 2 Madd. 16.)

II. The only question, then, is whether the wife was capable of parting with her reversionary equitable interest in this policy. I insist that such a power would be against the policy of the

statutes, which allow this kind of insurance, and that it is unknown to the common law, or to that system of equity law which has created and regulated separate estates in married women. The words "sole and separate use," which the insurance companies have inserted in this policy, are unnecessary and superfluous; or, if designed to have the force of converting this debt into a present separate estate, and therefore liable to be parted with by the wife during marriage, utterly defeats the intent of all parties in its creation, which is to provide a fund for the wife, after the death of her husband, and not one to support her or provide for her imaginary or real wants during coverture. It is a mere pleonasm in terms to give the wife a fund to be possessed, after the death of her husband, to her sole and separate use. It can not be otherwise than to her sole and separate use if the enjoyment is fixed after the dissolution of the marriage by death. If the insertion of the words "sole and separate use" enables her to dispose of it during marriage, and thus cut off the children, as well as herself, from its enjoyment at the period named in the policy, it is a contradiction in terms and an anomaly in law to make it only available on the death of her husband. There is no precedent to be found of a separate estate in the wife, in land or chattels or choses in action, capable of being parted with by the wife alone, where it is only to come into possession on the death of the husband. Such estates are created by modern equity law to protect them against the husband, and they are present interests, or interests which, by possibility, may fall into possession during the life of the husband. (See Sto. Eq., § 1413.) Here Judge Story distinctly and clearly states the rule of courts of equity, that even a wife's separate property can not be disposed of by her unless it is also present and immediate property; and by the word "immediate," which is used in contradistinction to reversionary, I understand such property as is in possession, or may fall into possession during the coverture. It certainly can not apply to property which, by the terms of its creation, is not to be enjoyed until the coverture ceases. (See also 2 Roper on Husb. Wife, 187.)

. III. This policy, like the one in New York, was for the benefit of the wife and children, and if the wife died before the husband the interest would vest in the children. Could the wife, then, dispose of their interest as well as hers?

IV. If this policy is understood to vest such a separate estate in the wife as may be passed by her assignment, then, under our decisions (Whitesides v. Cannon, 23 Mo. 457), it is an interest subject to be taken by her creditors or her husband's creditors during his life, which is manifestly against the intent of the policy and all parties to it.

*P. E. Bland*, for Hurck and Stagg, respondents.

I. We do not claim that the husband alone, or the husband and wife joined, or the wife alone, are competent to assign the wife's choses in action, where there is no separate estate vested in her, so as to bar by such assignment her right of survivorship. That they are not competent, is settled by this court in Wood v. Simmons, 20 Mo. 363, and Craft v. Bolton, 31 Mo. 355.

II. We claim: 1st. That if the contract of insurance in this case operated to settle a separate estate, in the fund assured, in the appellant, then she was competent to assign the interest, and it passed to respondents, Hurck and Stagg, by her assignment. (Coates v. Robinson, 10 Mo. 757; Whitesides v. Cannon, 23 Mo. 457.) 2d. That if anything passed to her under the policy, it was a separate estate in the fund. By the express terms of the contract the interest passed (if at all) to her "for her sole and separate use." These words create a separate estate. (1 Washb. Real Prop. 413, §§ 4, 5; Albany Fire Ins. Co. v. Bay, 4 N. Y. 11.)

The point has nothing in it that a separate estate in a wife can not be vested in a fund to be reduced into possession after the death of the husband. (1 Washb. Real Prop. 59, §§ 1, 7, 8.)

The estate is necessarily a vested interest — a present estate — though the chattel itself may not be in possession nor capable of being reduced into possession until some future time.

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding in the nature of a bill of interpleader brought by the plaintiff against Matilda Brant, widow of Henry B. Brant, deceased, and Hurck and Stagg, praying to be allowed to pay into court the proceeds of a certain policy of insurance on the life of Henry B. Brant, deceased, and asking that the defendants be required to interplead in order to have a determination of their respective rights. The court below adjudged that Hurck, as trustee of Stagg, was entitled to the money, and from that decision Mrs. Brant appealed. The policy was issued for $5,000, payable to the sole and separate use of Mrs. Brant after the death of her husband. The annual premium was $343.10, and the demurrer admits that the premium was paid by Brant. Brant, in his lifetime, borrowed money of Stagg and assigned the policy as collateral security, Mrs. Brant joining with him in the assignment; and he having died without making payment, the question now is whether the assignment concludes or bars Mrs. Brant from recovering the proceeds of the policy. With respect to reversionary choses in action and other reversionary, equitable interests of the wife in personal chattels, the doctrine has been for a long time well settled and in a manner most favorable to her rights; for no assignment by the husband, even with her consent and joining in the assignment, will exclude her right of survivorship in such cases. The assignment is not and can not from the nature of the thing amount to a reduction into possession of such reversionary interests; and her consent during the coverture to the assignment is not an act obligatory upon her. (2 Sto. Eq. Jur., § 1413; Wood v. Simmons, 20 Mo. 363; Craft v. Bolton, 31 Mo. 355.)

But the question to be considered is whether this case falls within the above-mentioned rule. If the policy was a chose in action, or an equitable interest absolutely belonging to the wife within the reasoning of the doctrine, there could be no doubt; but the case is peculiar and distinguishable. It is an interest designed for her benefit, but the consideration immediately moves from the husband and is dependent on his action.

The statute in reference to married women provides that it shall be lawful for any married woman, by herself, and in her name, or in the name of any third person, with his assent as her trustee, to cause to be insured, for her sole use, the life of her husband for any definite period, or for the term of his natural life; and in case of her surviving her husband, the sum or net amount of the insurance becoming due and payable by the terms of the insurance shall be payable to her, and for her own use, free from the claims of the representatives of her husband or of any of his creditors; but such exemption shall not apply when the amount of the premium annually paid shall exceed $300. (2 Wagn. Stat. 936, § 15.)

The eighteenth section of the same act makes it apply to all policies, whether the same were effected by the wife herself or by her husband for her benefit, either before or after the passage of the law, and provides for the inurement of the money to the separate use and benefit of the wife and her children, if any, independently of her husband and of his creditors and representatives. This statute was copied from the New York law of 1840, and the construction which the courts of that State have given to it will be presently adverted to. A similar statute prevails in Wisconsin, and the court there holds that where a husband survives his wife, having previously procured a policy of insurance on his own life for her benefit, and himself paid the premiums thereon, he may dispose of it by will or otherwise. (Kerwin v. Howard, 23 Wis. 108.)

The court in its reasoning seems to have no doubt about the power of the husband, with the consent of the company, to change the policy, or to assign it as a means of credit or security; and that in a case where he had paid the premiums he would have the right to dispose of the policy in the absence of the statute, and it was not believed that the Legislature intended to deprive him of it by that provision. In Eadie v. Slimmon, 26 N. Y. 9, it appears that the policy recited the payment by Mrs. Eadie of the premium for the first year, and for the like premium to be paid in advance every year thereafter. The company insured the life of the husband in the sum of $2,000 for her use and

benefit. The husband and wife assigned the policy to Slimmon in payment of, or as security for, an alleged indebtedness of the husband. Slimmon threatened Eadie with a criminal prosecution for embezzlement; the wife was wrought on through fear, and thrown into the greatest agony, and the policy was assigned through apprehension of such a prosecution. After the death of the husband, Slimmon claimed the money on the policy, but the court held the assignment void, having been extorted by force and coercion which overcame the free agency of the wife. This was the principal reason upon which the decision was based, though Mr. Justice Smith at the close of his opinion stated that the policy was taken under the act of 1840; that it was the intent of that statute to make such policies a security to the family of a married man and a provision for their use and benefit, and that this intent would be defeated if they were held assignable by the wife like ordinary choses in action belonging to her in her own right as her separate property.

Upon a motion for a rehearing the court adhered to its previous opinion, and Denio, J., said that the statutory provision was special and peculiar, and looked to a provision for a state of widowhood and for orphan children, and that it would be a violation of the spirit of the provision to hold that a wife insured under the act could sell and traffic with her policy as though it were realized personal property or an ordinary security for money. But no doubt was expressed by the court on either occasion about the assignability of the policy had no statute regulations intervened to render it invalid. It appears that there never was any serious doubt about a life policy being assignable, and it has been observed that without the power to assign, the insurance on lives would lose half its usefulness. (Ang. Fire and Life Ins., § 325 *et seq.*) At common law the insurable interest in the life of another person must be a direct and definite pecuniary interest, and a person has not such an interest in the life of his wife or child, merely in the character of husband or parent. (3 Kent's Com., 10th ed., 483; but see McKee v. Phœnix Ins. Co. 28 Mo. 383.) The statute, therefore, may be considered in the light of an enabling act. It enables the husband to effect

a policy of insurance on his own life for the benefit of his wife, which, in case she survives him, goes to her free from his creditors and representatives. ·

It also makes it lawful for a married woman herself, and for her own benefit, to effect an insurance on the life of her husband, which shall belong to her and her children. The statute was founded in charity and intended to subserve a beneficent object, and in a case falling within it, I should be disposed to give it the most favorable construction to carry out its humane purpose. But it is expressly provided that to secure the exemption or immunity on policies in favor of married women, the amount of premium annually paid shall not exceed $300. The law did not intend that the husband should withdraw any greater amount from his means or his creditors to be expended for such a purpose. As the premium was greater in this case, the policy is withdrawn from the operation of the statutes, and does not come within the provision granting it an entire and absolute exemption in favor of the wife. As a policy not governed by the statutes, I entertain no doubt about its transferability; and the assignment having been voluntarily made by Mrs. Brant and her husband for a valuable consideration, with the assent of the company, I think it should be held valid and that the judgment should be affirmed. The other judges concur.