SMITH (MINTURN v.). See Case No. 9,647.

---

## Case No. 13,083.

SMITH v. MISSOURI VAL. LIFE INS. CO.

[4 Dill. 353;[1] 3 Cent. Law J. 386.]

Circuit Court, D. Kansas. 1876.

INSURANCE—PARTIES—POLICY TO MARRIED WOMAN ON LIFE OF HUSBAND—MISSOURI LEGISLATION CONSTRUED.

1. The plaintiff, a married woman, domiciled in Missouri, through her husband, applied for and received from a Kansas life insurance company, doing business in Missouri, a policy of insurance on the life of her husband, of which the annual premium exceeded $300; the policy, by its terms, was payable, on the death of her husband, to the plaintiff: Held, that, under the Missouri statute (2 Wag. St. p. 936, § 15), the policy was not void because the annual premium exceeded $300.

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

2. The right of action was in the plaintiff, and not in the administrator of the husband.

3. The company cannot set up, to defeat the right of action in the plaintiff, that all or some part of the recovery money, under the statute of Missouri, would be held in trust for the estate or creditors of her husband.

The court finds, from the evidence, the facts to be as follows: 1. That the defendant is a corporation existing under the laws of the state of Kansas; that on June 30th, 1861, the plaintiff made an application at St. Louis, in the state of Missouri, to the defendant, for a policy of insurance on the life of her husband, Henry Smith, for the benefit of herself; such application, signed Augusta S. Smith, by Henry Smith, was soon after delivered to the defendant, and on July 3d, 1861, accepted by it, and the policy of insurance in suit was written, and signed by the president and secretary of the defendant, and the corporate seal affixed, at its home office, in Leavenworth, state of Kansas, and was afterwards countersigned and delivered by the defendant's agent in St. Louis, state of Missouri. All premiums paid were paid in St. Louis, and all premium receipts were there countersigned and delivered. The policy, by its terms, is payable, on the death of the husband, "to Augusta S. Smith" (the plaintiff). 2. At the time of making such application, and delivery of such policy, the plaintiff and said Henry Smith were residents of St. Louis, in the state of Missouri, and citizens thereof, and the plaintiff has ever since continued to be such resident, and said Henry Smith continued to be such resident and citizen until his decease, in 1874. 3. That the insured, Henry Smith, died in St. Louis on the 6th day of October, 1874, and the plaintiff soon after gave notice of death, and served the proofs of the loss required by the said policy. 4. That said Henry. Smith left a last will and testament, appointing the plaintiff executrix thereof, which will and testament was, on the 24th day of October, 1874, proved and admitted to probate by the probate court of St. Louis county, and state of Missouri, in which county St. Louis is situate. That the plaintiff, after citation by such probate court, refused to take letters testamentary or administer said will, and thereupon, and on the 18th day of November, 1874, said probate court granted letters of administration, with the will of Henry Smith, deceased, to George E. Leighton and Lewis B. Parsons, then and still residents of the city of St. Louis, and citizens of Missouri, and said Leighton and Parsons qualified as such administrators on the 18th day of November, 1874, and have ever since been such administrators, and now claim, but not as parties to this suit, to be the owners of the policy of insurance sued on, and as such administrators to be entitled to recover the money due under the said policy of insurance. 5. That said Henry Smith was insolvent at the time of his death, and his estate is insolvent, but was not insolvent when the policy was issued, and for a long time afterwards. It does not appear

whether the premiums were paid out of the husband's or the wife's estate. 6. That, at the time the policy sued on was issued, the life of said Henry Smith was insured in the sum of $21,000 in other insurance companies, in which the plaintiff was the beneficiary, which policies were in force at the time of his decease, and the plaintiff has commenced suits in New Jersey and Connecticut for the recovery of the amount of each of them, which suits are now pending, and are contested by the companies. 7. That the annual premium paid on the policy in suit exceeds the sum of three hundred dollars. 8. That chapter 115 of the statutes of the state of Missouri (being chapter 94, Wag. St.), entitled "Married Women," section 15 of which is in the words following: "Sec. 15. It shall be lawful for any married woman, by herself and in her name, or in the name of any third person, with his assent, as her trustee, to cause to be insured, for her sole use, the life of her husband, for any definite period, or for the term of his natural life; and in case of her surviving her husband, the sum or net amount of the insurance becoming due and payable by the terms of the insurance shall be payable to her, and for her use, free from the claims of her husband, or any of his creditors; but such exemption shall not apply when the amount of premium annually paid shall exceed the sum of three hundred dollars," was, at the time of making such application and delivery of such policy of insurance sued on, and still is, in full force and effect. And that section 18 of the same chapter, in the words following: "Sec. 18. Any policy of insurance, heretofore or hereafter made by any insurance company upon the life of any person, expressed to be for the benefit of any married woman, whether the same be effected by herself or by her husband, or by any third person in her behalf, shall enure to her separate use and benefit, and that of her children, if any, independently of her husband and of his creditors and representatives, and also independently of such third person effecting the same in her behalf, his creditors and representatives; and a trustee may be appointed by the circuit court for the county in which such married woman resides, to hold and manage the interest of any married woman in any such policy, or the proceeds thereof," was, at the time of making such application for insurance and issue and delivery of such policy, and still is, in force. 9. It is admitted that, if the laws of Kansas apply to and govern the case, the plaintiff is entitled to recover.

J. C. Douglas, for plaintiff.
Mr. Hurd and Mr. Monroe, for defendant.

DILLON, Circuit Judge. The defence is, that this is a Missouri transaction; that, under the statute of that state (2 Wag. St. p. 936, § 15), the policy is void in toto, as the annual premium exceeded $300; or if this be not so, the right of action is in the administrators of the husband, and not in the plaintiff; and that the plaintiff is neither the legal owner of the right of action, nor "the real party in interest," and hence cannot maintain this suit.

I concede without inquiry, for the purposes of this case, that the Missouri statute applies, and will govern in determining the validity and effect of the contract. The entire chapter in which this provision occurs is one expressly designed to enlarge the rights of married women, and should be construed to carry out its purpose. A married woman always had an insurable interest in the life of her husband, and if she paid the premiums for the risk out of her own estate, she could insure his life for any sum upon which she and the insurer might agree. And a husband who is free from debt may insure his own life for his wife's benefit for any sum he may choose. It is a mode, and a favorite mode, for making provision for wife and children. The statute of Missouri (section 15, supra, et seq.) is not entirely free from obscurity, but the construction placed upon it by Judge Treat, of the United States district court, seems reasonable, viz.: that under its provisions an insolvent husband may withdraw from his estate for this purpose not exceeding $300 annually, where the beneficial interest in the policy is in the wife. If the insolvent husband pays more, the policy is not void, but the wife, if she recover, might hold in part in trust for the creditors as represented by her husband's administrator, or assignee in bankruptcy. In re Yeager, 8 West. Ins. Rev. 378; Charter Oak Life Ins. Co. v. Brant, 47 Mo. 419; McComas v. Covenant Mut. Life Ins. Co., 56 Mo. 573.

The case before the court, in any view of the Missouri statute as to the respective rights of the plaintiff and the creditors of the husband, is easy of solution. The agreement of the defendant in the policy is, "to pay the amount assured to Augusta S. Smith." This gives her the right to sue upon the policy in her own name. If she recovers, it is a different question whether she may not hold the proceeds of the recovery, or some part thereof, for the benefit of the estate of her husband, if necessary to pay debts. The company cannot set up such supposed rights in others, to defeat an action on the policy. The plaintiff, having the legal title, may maintain the action, and this will protect the company from another suit, and in the event of a recovery by her, the equities of others, if any exist, which I do not decide, can be adjusted in an action between them and the plaintiff. The administrators of the husband are not here insisting upon their rights, if they have any, and the company cannot set up rights for them, and, on its motion, introduce into this suit matters with which it has no concern. I am of opinion the plaintiff is entitled to recover. Judgment for plaintiff.