STOKELL *v.* KIMBALL.

An assignment by a married woman of an insurance policy on the life of her husband, as security for his debt, is a contract made by her as surety or guarantor for him (within Gen. Laws, c. 183, s. 12), and is not binding on her.

Under c. 967, s. 1, Laws of 1850, a married woman's interest in a policy of life insurance, effected for her use and benefit, cannot be revoked by the party procuring the insurance, and assigned by him for his own benefit.

ASSUMPSIT for money had and received, and for money collected, on a policy of life insurance for the plaintiff's benefit. Plea, the general issue.

John Stokell, the plaintiff's husband, took a policy of insurance on his life, of the Mass. Mut. Life Ins. Co., Dec. 14, 1865, for $2,500, for the benefit of his wife. The policy was by its terms payable to the assured, his executors, administrators, and assigns. July 21, 1876, the policy was assigned in writing, under seal, by John Stokell and his wife to the Rockingham Ten Cents Savings-Bank, and pledged and delivered to the bank as collateral security for a debt of more than $2,500, previously existing, against a partnership of which John Stokell was a member. His wife had no pecuniary interest in the debt. On due proceedings the defendant was appointed assignee of the bank as an insolvent institution, Aug. 22, 1876. John Stokell paid the premiums on the policy, and died December, 1877. The company paid the amount due, by its terms, to the defendant.

These facts being uncontested, a verdict was taken for the defendant, judgment to be for the plaintiff or defendant according to the opinion of the court on the questions raised.

*Rollins* and *Harriman*, for the plaintiff.

*Page*, for the defendant.

FOSTER, J. The first question in this case is controlled by the statute of 1876, c. 32 (Gen. Laws, c. 183, s. 12), which, by legislative provision, took effect July 18, 1876, three days before the date of the assignment. The statute declares that "no contract or conveyance by a married woman, as surety or guarantor for her husband, nor any undertaking by her for him or in his behalf, shall be binding on her." The assignment was an undertaking by the wife for her husband, and in his behalf, concerning an obligation in which she had no pecuniary interest, and so is not binding on her. Under the statute, the case is as if the plaintiff had not signed the

assignment; and the only question is, whether his assignment is valid against her.

The policy was payable to "his executors, administrators, or assigns." His assignment would be in exact accordance with the express stipulations of the policy, that it should be paid to "his executors, administrators, or assigns." When assigned in accordance with that stipulation, it would be payable to the assignee, as it would be payable to his executor or administrator if he made no assignment. But the stipulation that it was issued, and should be paid for his wife's benefit, would make the assignee, as it would make the executor or administrator, a trustee,—a mere depositary to receive the money for the purpose of paying it to the wife if she survived her husband, and to her children in case of her death. *Burroughs* v. *State Ass. Co.*, 97 Mass. 359; *Gould* v. *Emerson*, 99 Mass. 154.

The statute in force at the date of the policy (Laws of 1850, *c.* 967, *s.* 1) provides " That any policy of insurance made by an insurance company on the life of any person, expressed to be for the benefit of a married woman, whether the same be effected by herself or her husband, or any other person on her behalf, shall enure to her separate use and benefit, and that of her children, if any, independently of her husband, and of his creditors and representatives, * * * *." This statute is expressed in almost the exact words of the General Statutes of Massachusetts, *c.* 58, *s.* 62, which has received a construction in that state on the precise question raised in this case. *Gould* v. *Emerson*, cited above. In that case the court say, in relation to this statute, " The manifest purpose is not only to prevent the creditors from reaching the fund by proceedings in law or equity, but to restrain the debtor from revoking, in a moment of caprice or embarrassment, the trust which he has once created, upon a meritorious, and, by the statute, a sufficient consideration." See, also, *Eadie* v. *Slimmon*, 26 N. Y. 9; *Secor* v. *Dalton*, cited in Bliss on Life Ins. 528; *Ins. Co.* v. *Burroughs*, 34 Conn. 305; *Charter Oak Life Ins. Co.* v. *Brant*, 47 Mo. 419; *Baker* v. *Young*, id. 453.

It is not necessary for us to inquire whether at common law the assignment in this case would be valid as against the plaintiff; for the evident intention of the statute must prevail, which was, that a policy of insurance made for the benefit of a married woman is irrevocable, as against her, by any assignment or sale of the same by the party effecting the insurance. Since the assignment of the policy by Mr. Stokell to the bank constituted the bank a trustee to receive the money for the use and benefit of the plaintiff, and since the money due on the policy has been actually paid to the bank by the company, there must be

*Judgment for the plaintiff.*