KIMBALL, *Adm'r,* *v.* GILMAN.

If the money due upon a policy of insurance on the life of a person made for the benefit of his wife is upon his decease paid to his administrator, the latter will hold it in trust for the wife, and it may be recovered of him by her or her legal representatives.

The refusal by a person named as arbitrator to act will put an end to the submission.

The institution of a suit in relation to the subject-matter, which the parties have agreed to submit to arbitration, will operate as a revocation of the submission.

ASSUMPSIT, to recover the sum of $1,923.75 received by the defendant upon a policy of insurance on the life of the defendant's testate, Henry Holt. Facts agreed.

The plaintiff is administrator of the estate of Sarah F. Holt, who was the wife of Henry Holt. He died August 17, 1876, testate, his wife being made residuary legatee; but his estate being insolvent, nothing passed by his will. The defendant is administrator of his estate. Mrs. Holt died August 19, 1876, testate, devising all her property to her husband, which devise lapsed by reason of his death. Neither Holt nor his wife left lineal descendants. Both left collateral heirs. February 3, 1866, Holt procured a policy upon his life of the Massachusetts M. L. Ins. Co., payable " to the assured, his executors, administrators, and assigns.  *  * Said sum insured being for the express benefit of Sarah F. Holt, wife of said assured." The company declined to pay the amount due on the policy to any person other than the defendant, and then only on condition that the plaintiff would consent to it. For the purpose of procuring payment both administrators signed a receipt to the company, and the money was thereupon paid to the defendant, who at the same time gave to the plaintiff the following agreement:

" Whereas, I, Virgil C. Gilman, adm'r of the estate of Henry Holt, late of Nashua, deceased, have received of the Massachusetts Mutual Life Insurance Co. the proceeds of a life policy upon the life of said Henry Holt, said to have been issued for the benefit of Sarah F. Holt, wife of said Henry (said policy being lost), amounting to the sum of nineteen hundred twenty-three dollars, seventy-five cents. Now, therefore, I hereby agree, in consideration that John G. Kimball, adm'r of the estate of Sarah F. Holt, has relinquished his claim as the adm'r of the estate upon the company, to pay said Kimball said sum, with any interest it may actually accumulate, whenever the judge of probate for Hillsborough county, New Hampshire, may so direct.

Nashua, Dec. 29th, 1876.                Virgil C. Gilman."

February 25, 1879, the plaintiff requested the judge of probate, at a regular term of that court, the defendant being present, to direct whether the money received by the defendant should be paid to the plaintiff, which the judge of probate declined to do, or to take any cognizance of the agreement, or do any act in relation to it. Payment was thereupon demanded of the defendant, and refused.

*A. F. Stevens*, for the plaintiff.

*C. W. Hoitt* and *C. H. Burns*, for the defendant.

1. The defendant is not liable in assumpsit, because the judge of probate has not directed him to pay the money to the plaintiff.

2. It is not a matter which the defendant has a right to determine.

3. If the suit can be maintained at all, it should have been brought against the defendant as administrator.

4. Payment of the money in this suit would afford the defendant no protection against the claim of creditors and others interested in the estate of Henry Holt.

SMITH, J. The sum insured on the life of the defendant's testate is stated in the policy to be " for the express benefit of Sarah F. Holt, wife of said assured." By statute, insurance thus effected inures for the benefit of the wife, or, in case of her death, to her children, if any, against the claims of creditors or representatives of the person effecting the same. Gen. Stats., c. 160, s. 1; G. L., c. 175, s. 1; *Stokell* v. *Kimball*, 59 N. H. 13. As the plaintiff's intestate survived her husband, the sum insured on his life inured to her benefit, both by the terms of the policy and by the provisions of the statute. The right to receive this money to her own use having become vested in the wife upon the death of her husband,

it has become, by her death, assets of her estate, which her administrator is entitled to recover. *Perkins* v. *Perkins*, 46 N. H. 110. The defendant, having received the sum insured from the insurers, holds it as trustee for the plaintiff, and having money in his hands ·which in equity he ought to pay to the plaintiff, it can be recovered in this action. *Wentworth* v. *Gove*, 45 N. H. 160; *Lockwood* v. *Kelsea*, 41 N. H. 185; *Hudson* v. *Robinson*, 4 M. & S. 475; 2 Greenl. Evid., *s.* 117. A judgment in this suit against the defendant will be a protection to him against the claim of creditors and representatives of his testate. *Perkins* v. *Perkins, supra.* Upon settlement of his administration account he will be charged with the money thus collected, and credited with the payment of the same to the plaintiff; and there is no occasion to wait until he can settle his account in probate court. If the agreement can be deemed a reference to the judge of probate as arbitrator, it is revocable, and the bringing of this suit is a revocation. The refusal of the judge of probate to act as arbitrator has made the execution of the submission impossible. Morse Arbit. and Aw. 236. The objection that the defendant is sued personally, and not in his representative capacity as administrator, can be easily obviated by amendment.

*Judgment for the plaintiff.*

ALLEN, J., did not sit: the others concurred.