UNION MUT. LIFE INS. CO. *v.* STEVENS and others.

*(District Court, N. D. Illinois.* December 17, 1883.)

1. LIFE INSURANCE—LAPSE OF POLICY BY COLLUSION TO DEFEAT INTERESTS OF BENEFICIARY.

If the insured, even by collusion with the company, suffers his policy to lapse, with the intention of securing another policy containing the name of a new person as beneficiary, the courts will not regard the second policy as a mere continuation of the first.

2. SAME—RIGHTS OF THE ASSURED AS TO THE RECIPIENT OF BENEFITS OF POLICY.

A policy of insurance may be considered as an inchoate or uncompleted gift from the assured to the beneficiary. The former ought to be able to make it at will, or to change the direction of its benefits.

3. SAME—POLICY IN FAVOR OF ASSURED HIMSELF—AMOUNT BECOMES ASSETS.

If the assured himself appears by name in the policy as the beneficiary, the money accruing on the policy at his death becomes assets in the hands of the administrator.

In Equity.
*Swett, Haskell & Bates,* for complainant.
*H. F. Vallette* and *Pliny B. Smith,* for Mrs. Taylor.
*Gary, Cody & Gary,* for Mrs. Stevens.

BLODGETT, J. This is a bill of interpleader filed by the complainant, the Union Mutual Life Insurance Company of Maine, charging,

in substance, that on the seventeenth of June, 1853, it issued to Samuel P. Stevens a life insurance policy for the sole use of his wife, Mary F. Stevens and heirs, for the sum of $1,200, which policy was payable on the death of the said Samuel P. Stevens, and upon which an annual premium of $42.24 was to be paid on or before the seventh day of June in every year during the continuance of said policy. It is further charged that on the fifteenth of June, 1870, the said Samuel P. Stevens, by an agreement with the complainant, surrendered the aforesaid policy to complainant and took out a new policy, bearing the same number, for the same amount, and for the payment of the same premium, and the agreement was that this new policy should, in all respects, stand in lieu of the first policy, except as to the party to be benefited thereby, and that the new policy insured the life of the said Samuel P. Stevens for the sole and separate use and benefit of himself.   It is also charged that the said Samuel P. Stevens has since died testate, and that Eliza M. Stevens, executrix of his last will and testament, has brought suit at law in the circuit court of the county of Du Page, in the state of Illinois, upon the last-described policy, declaring upon the promises, undertakings, and conditions of said policy, and claiming judgment as such executrix, against complainant, for the sum of $1,200 named therein, and that said suit is now pending in the circuit court of Du Page county.   The complainant further charges that one Mary Taylor has brought suit at law in the circuit court of Cook county, in this state, claiming that the money due under the last-mentioned policy should be paid to her as sole heir at law of said Mary F. Stevens..   The bill then prays that the defendant Eliza M. Stevens, as executrix of said Samuel P. Stevens, and the said Mary Taylor, may interplead in this cause, and that the court shall determine which of said parties is entitled to the proceeds of the said policy, and the money admitted to be due from complainant upon the last-issued policy has been paid into court for the benefit of whoever the court shall determine is entitled thereto. Eliza M. Stevens, as executrix, and Mary Taylor have answered the bill, and each claims the benefit of the money in question.   The defendant Mary Taylor contends that the second policy was issued by fraudulent collusion between said Samuel P. Stevens and the complainant, and is but a continuation of the original policy, which was payable to Mary F. Stevens and heirs, and that she, the said Mary Taylor, is the sole child and heir at law of the said Mary F. Stevens.

The case is submitted to the court upon the bill and answers, and certain stipulated proof, including the original policy, the new policy, and the correspondence between Samuel P. Stevens and the officers of the complainant at about the time the second policy was issued.   The material facts, as they appear from the pleadings and the proofs submitted, are, briefly, these:  Samuel P. Stevens took out the first policy in question, and paid the premiums regularly thereon until and including the premium which matured in June, 1869.   In June, 1856,

Mary F. Stevens, the wife of Samuel P. Stevens, mentioned in said policy, died, and at some subsequent date between the death of the wife and October, 1869, Samuel P. Stevens married Eliza M. Stevens, now the executrix of his will. In October, 1869, Samuel P. Stevens requested that the life insurance company would change the terms of the policy so that the amount of insurance thereby on his life should be made payable to himself, and giving as his reasons that the circumstances of his family had materially changed, and others were dependent upon him who, in justice, should receive a proportion of the policy whenever it became available. The insurance company, in substance, replied that they could not consent to any change of the beneficiary in the policy, but suggested that the change desired might be brought about by Stevens forfeiting the policy by non-payment of the premium, and then making an application for the issue of a new policy; and in pursuance of this suggestion Stevens did not pay the premium which fell due June 7, 1870, and the policy was declared forfeited. He then applied for the issue of another policy for the same amount and on the same premium as the first, and in pursuance of that application the second policy, mentioned in the bill, was issued, insuring the life of said Samuel P. Stevens for the sum of $1,200, for the sole and separate use and benefit of himself, on the payment of the same annual premium provided for in the first policy, during the continuance of his life.

It further appears in the case that Samuel P. Stevens had one child born to him by his first wife, Mary F. Stevens, who is the Mary Taylor made a defendant in this case, and that said Mary Taylor is, so far as this case discloses, the sole heir at law of the said Mary F. Stevens. It also appears that the said Mary F. Stevens was killed in 1856, in a railroad accident in the state of New York, and that Samuel P. Stevens, her husband, received from the railroad company the sum of $2,000 in settlement of the claim against the company for having caused her death, which claim he collected as the representative and guardian of his daughter, the said Mary Taylor, as heir of her mother, Mary F. Stevens, but has never paid the same to her. It further appears that said Samuel P. Stevens, by his will, which has been duly probated in Du Page county, in this state, provides "that the sum of $2,000, received by him from the New York Central Railroad on account of the death of his former wife and the mother of his daughter Mary, should be paid to his said daughter Mary as soon after his decease, and from his estate, as conveniently may be, and made the said legacy a charge and lien upon all his estate, real and personal, including any money that may be due "on any life insurance policy, or any other property or money."

The first question made in the case is, is this a proper case for a bill of interpleader? Does the case show such a state of facts as places the complainant in the position of an innocent stakeholder who has no interest as to which of the contending parties shall re-

ceive the sum of money in question? It is contended on the part of the defendant Eliza M. Stevens that if the complainant is in danger of having two judgments against it for the same contract, it is in consequence of its own imprudent acts and mistakes, and that a proper case for appeal to a court of equity by bill of interpleader is not shown. It seems to me, however, from a consideration, not only of the facts in the case, but the allegations in the answers of both defendants, that the only question is, to whom does the money due upon the last policy belong? Which of these defendants is entitled to it? As it is clear from the proof that the insurance company never intended to make but one contract, as far as the company and Stevens could do, the purpose was to let the first policy lapse and issue the second policy in place of the first. The defendant Mary Taylor insists that the second or new policy is but a continuation of the old policy; that the mere change of form as to the beneficiary does not and cannot defeat her rights as the heir of her mother, Mary F. Stevens, to receive the money due on the latter policy; and it seems quite clear to me that if Mrs. Taylor is to recover anything in this suit, it must be by reason of the correctness of the assumption, that, so far as she is concerned, the new policy is but a substitution for the old, and she is still the beneficiary under it. In other words, that the contract of June 17, 1853, is as to her the only contract in force, and if she recovers at all, it must be because she is still entitled to the benefit of the old policy. The whole question, it seems to me, depends upon whether Samuel P. Stevens had the right to make the change in the beneficiary of this policy. There is no doubt that there is a conflict of authority as to the power of a person, situated as Samuel P. Stevens was, to change the direction of the money to accrue in this insurance on his life so as to divert it from the person named as beneficiary in the original policy. The most notable cases, and probably the ones most directly in point, and which have been most generally followed are the cases of *Pilcher* v. *N. Y. L. Ins. Co.* 33 La. Ann. 332, and *Ricker* v. *Charter O. L. Ins. Co.* 27 Minn. 195, S. C. 6 N. W. Rep. 771, where it is held that there is a vested right in the beneficiaries in a policy of life insurance which renders the policy irrevocable as to them. The contrary rule has been held in Wisconsin, Missouri, and Illinois. *Clark* v. *Durand,* 12 Wis. 248; *Kerman* v. *Howard,* 23 Wis. 108; *Foster* v. *Gile,* 50 Wis. 602; S. C. 7 N. W. Rep. 555; *Charter O. L. Ins. Co.* v. *Brant,* 47 Mo. 419; *Baker* v. *Young,* Id. 453; *Gambs* v. *Cov. M. L. Ins. Co.* 50 Mo. 44; *Swift* v. *R. P., etc., Ass'n,* 96 Ill. 309. Where a question has never been decided by the supreme court of the United States, and as to which the state authorities are conflicting, this court is at liberty to follow such authority as is deemed most consonant with what seems to be just and equitable. I do not intend to decide that in all cases where a life insurance policy has been taken out, payable to a certain person as the beneficiary, it is in the power of the person

whose life is so insured, by a subsequent agreement with the insurance company, to change the beneficiary, because it is obvious that each case of that character must depend almost wholly upon its own peculiar facts, and an examination of the apparently conflicting cases upon the points raised in this case satisfies me that the apparent conflict grows more out of the variant facts, acted upon by the courts in the different cases, than from any essential difference in principle.

In this case, it can hardly be contended that, after the death of Mary F. Stevens, her daughter, Mary, had any vested right in the proceeds of the then existing policy, payable to her mother and heirs. It is even doubtful whether the true construction of the language of that policy, describing the beneficiary, does not mean that the money should be payable to the wife, Mary F. Stevens, and the heirs of Samuel P. Stevens; that is, whether the words "his wife, Mary F. Stevens, and heirs" do not really mean his wife, Mary F. Stevens, and his heirs; thereby making the children by the second wife, or the heirs at law of Samuel P. Stevens, if he has any other than his daughter, by his first wife, equal participants in the proceeds of this policy. But, be that as it may, the facts in this case show that Samuel P. Stevens retained possession of this policy, and that he, and he alone, always paid the premium; that in June, 1870, he failed to pay the premium on the original policy, and that by its own terms it lapsed and became void by such non-payment; and that he subsequently applied for and obtained this second policy. Now, it is very clear that no one could compel him to continue to pay the premiums on this original policy. He had a right to suspend paying the premiums at any moment, and the policy would at once lapse by reason of such failure. He was under no obligation to his daughter, now Mrs. Taylor, to continue to pay these premiums for her benefit. As he says in his letter, addressed to the officers of this insurance company, the circumstances of his family had so far changed that he did not consider it right to continue paying these premiums for the sole benefit of his daughter. It seems to me, therefore, that he had the right to make the arrangement with the insurance company, and it may be assumed, for the purposes of this case, that he did arrange beforehand with the insurance company to allow the policy to lapse, with the understanding that he was to have a new policy issued to him, payable to himself, for the express purpose and no other purpose than to change the beneficiary. If Mrs. Taylor could not compel her father to continue paying those premiums for the purpose of keeping the policy alive for her sole benefit, it seems to me very clear that he was under no legal obligations to her to do so. In other words, it strikes me very forcibly that this policy, at the time the change was made, was, at most, an inchoate or uncompleted gift from Samuel P. Stevens to his wife and heirs. He had the right to change his mind. He was in a position where he could revoke that gift, and direct that the money secured by this policy should go elsewhere. I can see no

reason why he was not as much at liberty to change the direction of the money which would accrue at his death upon this policy, as he was to change his will in reference to the disposition of any of his estate at any time preceding his death.

It is urged, however, that Mrs. Taylor has certain equitable claims in this fund, from the fact that, as heir of her mother, she has never received the amount which Samuel P. Stevens, her father, collected from this railroad company as compensation for the death of his wife, and to which the daughter was entitled; and that in his will Samuel P. Stevens directed the application of this insurance money to the payment of his indebtedness to her. A sufficient reply to this, as it seems to me, is that the money accruing on this policy, being payable to the assured, becomes assets of his estate, and is to go into the hands of his executor like any other money collected in the due administation of the estate, and that Mrs. Taylor's claim is to be paid in the due course of administration, with proper regard to the will, under the directions of the probate court in which that estate is being settled. It may be that the probate court can award or has awarded the proceeds of this policy to the widow of Samuel P. Stevens. With that, this court, I think, has nothing to do. If this money is an asset of the estate of Samuel P. Stevens, then it is to be applied as the court charged with the settlement of that estate shall order.

The decree will therefore be entered ordering the payment of the money involved in this suit to Eliza M. Stevens, executrix of Samuel P. Stevens. It is further ordered that each party shall pay their own costs.