Merrimack, }
Dec. 5, 1916. }

### ELLA M. TENNANT *v.* ROBERT W. UPTON, *Adm'r.*

ASSUMPSIT, to recover the proceeds of a policy of insurance. Transferred without a ruling by *Pike*, C. J., from the April term, 1916, of the superior court upon facts agreed. The New York Life Insurance Company, May 16, 1895, in consideration of an annual premium of $154.20, issued a policy upon the life of James B. Tennant, the defendant's intestate, who died April 27, 1915. The amount then due upon the policy was $4,542 less a loan of $500 to the insured. This sum plus $1.30 advance interest paid on the loan was paid by the company to the defendant, making the amount received by him $4,043.30. The insurance company by the terms of the policy agreed to pay $1,000, upon the death of the insured, to his wife, the plaintiff, or in the event of her prior death to the insured's executors, administrators or assigns. This sum has been paid over to the plaintiff by the defendant. The company also agreed to issue at the same time, as trustee, certain registered bonds amounting to $2,000, payable with interest at times stipulated in the policy to the payee designated by the insured.

It was provided that no dividends should be apportioned to the policy before May 16, 1915, the time between the date of the policy and that date being called the "Accumulation Period," and that, if the death of the insured occurred within the accumulation period, "The company will pay with and in addition to the sum first named in the policy Bonus Additions equal to one half the total premiums

received." The policy also provided that the insured may during the continuance of the policy by written notice designate a person to be payee under the bonds provided for in the policy and contained the following stipulation: "At the time of payment of the sum first named in this policy, if the insured shall then have failed to name a payee under the bonds, or if the appointment of the last named payee shall then have been revoked, or if the last named payee shall then be dead, the company will, in lieu of issuing the bonds  .  .  .  pay immediately a sum equal to their face amount, without discount, to the insured's executors, administrators, or assigns." The company allowed as due on the policy, "Mortuary dividend, $1,542." The plaintiff claims this sum and the further sum of $1,501.30,—the amount paid in lieu of the bonds less the loan. The application, which by the terms of the policy is made part of the contract, contains the following questions and answers:

"8 A. Who is to receive that portion of the insurance applied for, including bonus additions, which is payable immediately on the death of the insured?

Ella M. Tennant, wife, Short Falls, N. H.

B. Who is to be payee under the registered bond?

NOTE.—If desired the name of the payee may be omitted and designated by letter from the insured to the company at its Home Office, if policy is issued."

No payee under the bonds was designated by the insured.

*Edward C. Niles* (by brief and orally), for the plaintiff.

*Robert W. Upton* (by brief and orally), *pro se.*

PARSONS, C. J.  By the terms of the policy and the application which was made a part of the contract, the widow was to receive $1,000 and the "Bonus Additions," if the death of the insured occurred within the accumulation period.  The "Bonus Additions," which the company were to pay with and in addition to the sum first named in the policy ($1,000), were to be equal to one half the total premiums received.  The insured had paid twenty premiums of $154.20 each.  One half the total is $1,542.  The plaintiff is, therefore, entitled out of the proceeds of the policy to the two sums, $1,000 and $1,542.  The fact that the company in computing the amount due called this sum a "mortuary dividend," a term not

used in the policy, instead of "Bonus Additions" does not change the original contract or defeat the beneficiary's right to so much of the proceeds of the policy.

The remaining question is as to the title to the fund which, because of the failure of the insured to designate a person to be payee under the registered bonds, became payable in cash. If the insurance represented by the face amount of the registered bonds were expressed to be for the benefit of the insured's wife, she would be entitled to the proceeds although payment was to be made to the insured's representatives. P. S., c. 171, s. 1; *Kimball* v. *Gilman*, 60 N. H. 54; *Stokell* v. *Kimball*, 59 N. H. 13. But the difficulty is to find such intent expressed in the evidence of the contract, the policy and application. To the question in the application, "8 A. Who is to receive that portion of the insurance applied for, including bonus additions, which is payable immediately on the death of the insured?", the answer was, "Ella M. Tennant, wife." From the fact that, if no payee were designated for the registered bonds the policy stipulates for the immediate payment of the face amount of the bonds, it is argued that the insured intended this amount also should be paid for the benefit of his wife, although the policy provides for its payment to his representatives without mention of the wife. The argument is ingenious and entitled to consideration. But, however plausible the suggested interpretation may appear after the event, such conclusion cannot be adopted unless fairly within the language of the contract read with due regard to the situation of the parties at the time it was used. Did the insured understand or intend that the face amount of the bonds should be paid to or for the benefit of his wife?

The policy asked for embraced two contracts:

1. To pay a certain amount with bonus additions immediately upon his death:

2. To issue registered bonds to a designated payee.

In each case it was provided that, if the person selected to receive the benefit should not survive the insured, the fund should be paid the insured's representatives, *i.e.*, become assets in his estate. The inquiry 8 A. asked the nomination of a beneficiary under contract 1. The next question, B, asked for the nomination of a payee under contract 2, with the suggestion that the selection of such payee was not then required but might be made at a later date. The insured must have understood that, if the payee named by him did not survive him, the face amount of the bonds would go to his

·estate precisely as the fund created by the first contract would, if his wife failed to survive. The policy made the same provision .as to the disposition of the fund if no payee were named. The plaintiff, the insured's wife, is in no way connected with contract 2 .as to the registered bonds. That contract is entirely independent of contract 1 under which she was made a beneficiary. She has no more claim under it than if it were evidenced by an independent instrument in which she was not mentioned. The only inference that can be drawn from the failure to name a beneficiary under this ·contract is that the insured intended the face amount of the bonds .should become assets in his estate. If he had intended his wife `should be the payee of the registered bonds, he could have expressed that purpose. If he had desired she should receive the face amount ·of the bonds, he could have assigned the same to her, as the amount was made payable to his executors, administrators, or assigns. As he failed to express either intent, the fund remains where the purpose he did express leaves it,— in his estate. According to the .agreement there must be

*Judgment for the plaintiff for $1,542 and interest.*

All concurred.